IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMISON H. JOHNSON　　　　　　　　　*
　　　　　Petitioner,
　　v.　　　　　　　　　　　　　　　　　*　　CIVIL ACTION NO. RWT-06-3230

STATE OF MARYLAND　　　　　　　　　*
　　　　　Respondent.
　　　　　　　　　　　　　　　　　　　　***

**MEMORANDUM OPINION**

On June 28, 2004, Petitioner Jamison Johnson filed a 28 U.S.C. § 2254 Petition for writ of habeas corpus. See Johnson v. State, Civil Action No. RWT-04-2001 (D. Md.). The Petition was dismissed without prejudice on July 12, 2004.

On November 28, 2006, the Court received for filing the instant "Petition for Civil Commitment for Drug Treatment.[1] (Paper No. 1). Petitioner, a Division of Correction ("DOC") inmate who is currently confined at the Maryland Correctional Training Center, asks this Court to compel the Maryland Department of Health and Mental Hygiene to provide him drug and alcohol evaluation to determine his eligibility for treatment.[2] (Id.). He claims that because of prison

---

[1] For unexplained reasons, Petitioner cites to Johnson v. State, Civil Action No. RWT-04-2001 in the caption of his "Petition."

[2] Plaintiff references Md. Code Ann., Health-General I, § 8-507. Section 8-507(b) provides that subject to certain statutory limitations "a court that finds in a criminal case that a defendant has an alcohol or drug dependency may commit the defendant as a condition of release, after conviction, or at any other time the defendant voluntarily agrees to participate in treatment, to the Department of Health and Mental Hygiene for treatment that the Department recommends...." Under Maryland law, however, this provision applies only to a defendant for whom: (1) no sentence of incarceration is currently in effect; and (2) no detainer is currently lodged. See § 8-507(a); Fuller v. State, 169 Md. App. 303, 314 (Md. App.), cert. granted, Fuller v. State, 394 Md. 478 (Md. 2006); see also Clark v. State, 115 Md. App. 208 (Md. App. 1997).
.

overcrowding in the DOC it is almost impossible for him to get such care. Because he appears indigent, Petitioner's Motion to Waive Filing Fees shall be granted.

This Court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any case that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a case is frivolous "[t]he district court need not look beyond the complaint's allegations....It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." White v. White, 886 F. 2d 721, 722-723 (4th Cir. 1989). Under this standard, the instant Petition must be dismissed.

This "Petition" was construed as a 28 U.S.C. § 1361 petition for mandamus relief. Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. This Court does not have jurisdiction over Maryland employees in an action for writ of mandamus. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Consequently, this Court cannot compel authorities within the Maryland Department of Health and Mental Hygiene to provide Petitioner with a drug and alcohol evaluation. The Petition for writ of mandamus will be denied. A separate order follows.

Date:  1/12/07                                                /s/
                                              ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE